Alleging that The Mengel Company, George W. Evans and Reagan J. Caraway, were all claimants to one-half of a one-eighth royalty interest covering the SW 1/4 of SW 1/4, Section 26, Township 17 North, Range 8 East in Richland Parish, Louisiana, and that it had purchased oil produced from this property, plaintiff, the Standard Oil Company of New Jersey, deposited $387 (an additional $256.63 was deposited by supplemental petition) in the registry of court and prayed that the above named claimants be impleaded under Act 123 of 1922 and that judgment be rendered making distribution of the funds and relieving the petitioner from further liability to the persons cited.
The Mengel Company answered, claiming ownership of the entire 1/16th royalty interest described in plaintiff's petition. The other two defendants answered, each claiming a one-half of the 1/16th interest claimed by The Mengel Company.
On the day set for trial, the parties by stipulation introduced in evidence various instruments affecting the land, including a stipulation that the producing oil well on the property in controversy was a flowing well and that "the royalty interest in contest between the parties and pursuant to which the funds were deposited in Court is worth at the time of this suit in excess of $2000.00." *Page 605 
The District Court rendered judgment ordering the amount deposited with the Clerk to be paid to The Mengel Company and further, "all other payments be made by Standard Oil Company of New Jersey to said Mengel Company."
The case is before us on appeal by the other defendants from that judgment.
Paragraph 10 of Article 7 of the Constitution provides that the appellate jurisdiction of the Supreme Court shall extend to civil suits where the amount in dispute or the fund to be distributed shall exceed $2,000 (except in suits for personal injuries and in suits for workmen's compensation).
The issue to be determined in this case is the ownership of the 1/16th mineral interest, all of which is claimed by defendant Mengel Company against the contention of the other two defendants that they are the owners (one-half each) of the same 1/16th interest. The record shows that the net value of 1/16th of the oil produced was $387 for the eight months preceding the filing of suit and $256.63 for the succeeding seven months. Of course, there is nothing in the record to show how much additional is due by the Standard Oil Company of New Jersey for oil purchased since the filing of its supplemental petition. As shown above, the value of royalty interest itself was, by stipulation of all parties, fixed as being in excess of $2,000.
The judgment in this case would necessarily determine not only the distribution of the money deposited in Court along with the original and supplemental petitions, but also the disposition of such additional money as may become due to the owner of this 1/16th royalty interest before the final determination of the litigation, and in addition, the judgment in this case would determine the ownership of the royalty interest itself.
Under these circumstances, it is obvious that the amount in dispute between The Mengel Company and its codefendants is well in excess of $2,000. Since the suit is not one involving personal injury or compensation, the Supreme Court, under the Constitution, has jurisdiction of the appeal.
Therefore, in accordance with Act 19 of 1912, it is ordered that the appeal in this case be transferred to the Supreme Court of Louisiana; that the appellants are hereby granted a period of sixty days from the date this decree becomes final to file the necessary transcript and perfect their appeal, and should they fail to do so within this sixty day period, the appeal is to stand dismissed. Appellants to pay the costs of this appeal; all other costs to await the final outcome of the litigation.