JjTHIBODEAUX, Judge.
In this property land dispute, defendants, Vermilion Parish School Board (“School Board”) and the State of Louisiana (“State”), appeal the judgment of the trial court, which found that the School Board executed a sale of a tract or parcel of land to the United Irrigation and Rice Milling Company (“United Irrigation”) for canal purposes in 1910. Further, the court concluded that the cash deed conveying the strip of land was not a mere servitude and that current homeowners, Lana Marie Dailey Abshire, Barbara Ann Hargrave Beal, Albert Demette Jr., Mark Patrick Flory, Tessa Marie Albarado, Sabrina Hargrave, Lainewood Curtis Hargrave, Merlyn Annie Hunter Hart, Norma Cormier Lantz, Joseph Eldes LaSalle, Troy James Morvant, Alicia Hargrave, Gerry Stelly, Alice Hargrave Stelly, Weston J. Sume, Cheryl Mire Suire, Janelle Marie Abshire Trahan, Joseph Claude Trahan, Jr., Polly Lemaire Trahan, Deanna Vincent, Kenneth Wayne Vincent, and Brenda Saltzman Wade, were vested with property ownership rights pursuant to this deed.
We affirm.
I.

ISSUE

We shall consider whether the cash deed conveyed a fee title or a servitude over a tract or parcel of land to United Irrigation for the purpose of building a canal. If the property was conveyed in fee, the School Board and the State have no property interest in the land; whereas, if the School Board conveyed a servitude, it continues to own the land in dispute.
_bIL

FACTS

On February 2, 1910, M.L. Eldredge, president of the Vermilion Parish School Board, conveyed a parcel or tract of land in a cash deed to United Irrigation to build a canal. Authorized to complete this transaction through a resolution adopted by the School Board on December 10, 1910, Eldredge transferred this property for $1.00 consideration to the canal company, “its successors, and assigns forever, with full and general warranty of title.... ” The strip of land was located in the North East Quarter of Section 16 [1], Township Thirteen South of Range Two East, Louisiana Meridian, Vermilion Parish. United Irrigation operated a canal on this strip of land until 1980. After 1980, United Irrigation sold this property to Acadia-Vermilion Irrigation Company (“AVICO”). AVICO later sold portions of the property to the existing homeowners or their predecessors in title.
Current homeowners received letters from the attorney for the School Board stating that the land in dispute was owned by the School Board. Rather than displacing the residents from their homes, the School Board provided the homeowners the option to lease the property for an annual rent. Previously, each resident in this dispute had purchased their property *1211 from either AVICO or their immediate predecessors in title in an act of sale. The homeowners were not agreeable to this leasing arrangement.
On or about September 12, 2000, plaintiffs filed a petition for declaratory judgment, requesting that the trial court find that the School Board had no ownership interest in this property. In response to this petition, the School Board |3filed a peremptory exception of nonjoinder of a party, asserting that the plaintiffs failed to join the State as a defendant. Because the property in dispute was located in a sixteenth section, which was designated for school purposes by the United States Congress, defendants asserted that the State must be a party to this cause. In January 2001, plaintiffs amended their petition to add the State of Louisiana Education Department (“Education Department”) as a defendant in the proceeding. Their petition was amended subsequently to substitute State of Louisiana, Office of State Land in place of the Education Department. On February 26, 2002, the trial court entered judgment in favor of the plaintiffs-homeowners. The trial court found that the defendants, the School Board and the State, did not possess ownership interest in the property and that the 1910 cash deed confected a sale of the property, rather than a mere servitude. The School Board and the State now appeal this judgment.
III.

LAW AND DISCUSSION

The record does not reveal that the trial court’s findings of fact were clearly wrong. Moreover, we find the learned trial court’s reasons for judgment are legally sound and logically articulated and hereby incorporate them into this opinion and adopt them as our own:
This case involves a dispute as to ownership of immovable property located in Vermilion Parish. Plaintiffs are purported property owners and homeowners of the land in question. By letter dated April 25, 2000, Attorney Silas Cooper, on behalf of Vermilion Parish School Board, advised Plaintiffs that his client- in fact owned the property, and was willing to work out lease arrangements with Plaintiffs. Plaintiffs maintain that Vermilion Parish School Board sold the lands to their predecessors in title in 1909 and 1911. Having been unable to resolve this matter among the parties, Plaintiffs now bring before this court an action for Declaratory Judgment seeking a determination of the rightful owner(s) of the property.
|4On February 6, 1909, Vermilion Parish School Board entered a resolution authorizing its President, M.L. El-dredge, to sign an act of donation conveying a right-of-way of certain property to United Irrigation and Rice Milling Company for a canal. However, Mr. Eldredge, acting on behalf of the School Board, executed a Cash Deed confecting a sale of the property rather than conveying a mere right-of-way. That sale was made on February 2, 1910, and is recorded as No. 20937. Moreover, the instrument itself specifically refers to and attaches the 1909 resolution empowering Mr. Eldredge to act in this capacity on behalf of the school board.
Further, the Cash Deed conveys the property “to said purchaser, successors, or assigns forever, with full and general warranty of title, and with full subrogation to all the rights and warranty and all other rights ...” This and other language in the Deed leave absolutely no doubt that the parties to this transaction, including Mr. Eldredge, intended nothing less than an act of sale, notwithstanding the resolution authorizing Mr. Eldredge to convey a right-of-way only.
A similar sale of other properties between the same parties for the same *1212 purpose was made in 1911. All property-in question was owned by the school board as part of Section 16, and purportedly donated or sold to the plaintiffs or to their predecessors in interest.
Presumably, the Louisiana Legislature recognized that there might exist some disputes regarding the validity of both the instruments and procedures which purported to effect a sale of Section 16 lands. Apparently, with an interest in resolving these matters and in validating the transfers, the Legislature enacted R.S. 41:1821, which reads in pertinent part:
1321. Sales made before 1914 validated
All sales of sixteenth section school lands in the State made prior to the first day of January, 1914, are ratified and confirmed notwithstanding infor-malities in the sale subject to the following conditions:
(1) The parish treasurer or other officer making the sale executed a deed to the purchaser which deed, or the record thereof, shall be full proof that such sales were made in compliance with all the requirements and | .¡provisions of laws existing at the time the sales were made.
This statute directly addresses the issue presently before this court, which is whether there is a valid sale. The sales were of Sixteenth section school lands made prior to January 1, 1914, and deeds were executed and delivered to the purchasers. Those deeds, having been duly recorded, constitute adequate proof of sale under R.S. 41:1321. Any defects which may have existed regarding the sale were cured by the execution and filing of a deed in conformance with the law. Such a deed was executed and recorded, making the sale effective under R.S. 41:1321.
Defendants argue that Mr. Eldredge was authorized to convey only a right-of-way, and there was no express mandate for him to execute a sale, making any such sale null and void, regardless of the execution of sale instruments. Ordinarily, the issue of whether Mr. Eldredge exceeded the scope of his mandate by selling the property would be germane to the determination of ownership. Whatever a mandatary does in excess of his power does not bind the principal unless it is ratified. Standard Oil Co. of New Jersey v. Evans, 50 So.2d 203, 218 La. 590, appeal transferred 37 So.2d 604. Even if it were proven that Mr. El-dredge did, in fact, exceed the scope of his mandatary power, R.S. 41:1321 nonetheless ratified the sale. For the foregoing reasons, this court concludes that Article 1321 confirms, validates, and ratifies the sale of Sixteenth section school lands to the various parties in interest. Judgment to be signed upon presentation.
IV.

CONCLUSION

For the above reasons, as expressed by the trial court, we affirm the trial court’s judgment in favor of the plaintiffs, Lana Marie Dailey Abshire, Barbara Ann Har-grave Beal, Albert Demette Jr., Mark Patrick Flory, Tessa Marie Albarado, Sabrina Hargrave, Lainewood Curtis Hargrave, Merlyn Annie Hunter Hart, Norma Cormier Lantz, Joseph Eldes LaSalle, Troy James Morvant, Alicia Hargrave, Gerry Stelly, Alice Hargrave Stelly, Weston J. Suire, Cheryl Mire Suire, Janelle Marie | sAbshire Trahan, Joseph Claude Trahan, Jr., Polly Lemaire Trahan, Deanna Vincent, Kenneth Wayne Vincent, and Brenda Saltzman Wade.
Costs at the trial court and appellate level will be assessed to defendants-appellants, the Vermilion Parish School Board *1213 and the State of Louisiana, in the amount of $1,162.09.
AFFIRMED.

. "[A]ll sixteenth sections [that lied within the State of Louisiana were] donated by the United States Congress to the State of Louisiana in trust for public school purposes.” La.R.S. 41:924. Parish school boards were given the authority to sell timber, sell or lease land, as well as other powers if the sixteenth section lied in a township within the particular parish. La.R.S. 41:1111; 41:1323.1-1323.3; 41:640.